# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8065 | **DATE** | 12/6/2002 |
| **CASE TITLE** | Undertow software, Inc. vs. Advanced Tracking Technologies, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. This Court orders counsel for each of Undertow and Advanced to file, in time for delivery to this Court's chambers on or before December 23, 2002 a submission providing in proper form the information necessary for this Court' consideration of the questions raised by Advanced as to personal jurisdiction, venue and possible Section 1404(a) transfer. This Court anticipates addressing those subjects at the previously-scheduled initial status hearing at 9 a.m. December 27, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | DEC 09 2002 | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 12/9/2002 | |
| | Copy to judge/magistrate judge. | 02 DEC -9 PM 3:26 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNDERTOW SOFTWARE, INC., )
)
    Plaintiff, )
)
v. ) No. 02 C 8065
)
ADVANCED TRACKING TECHNOLOGIES, )
INC., et al., )
) **DOCKETED**
    Defendants. )
                       DEC - 9 2002

MEMORANDUM ORDER

This Court has just received a mailed-in document authored by Texas lawyer Clinton Franklin, Esq. captioned "Motion To Dismiss This Case Under Federal Rule of Procedure 12(b)(1) and 12(b)(3) or, Alternatively, To Transfer This Case Under 28 U.S.C. §1404, for Improper Venue and Brief in Support." Although this Court has also been pleased to grant attorney Franklin's simultaneously-mailed-in Application for Leave To Appear Pro Hac Vice, it calls to his attention the requirement of this District Court's LR 5.3(b) that every motion must be accompanied by a notice of presentment to bring the matter before the judge for scheduling or disposition.[1] Under the circumstances, however,

---

[1] Attorney Franklin is expected to familiarize himself with all of the local rules, which are available on the District Court's website. In that respect, although LR 83.15 requires out-of-district counsel to designate a local counsel (for service purposes, not for substantive handling), attorney Franklin will not be required to comply with that requirement unless and until the present motion is disposed of in a manner that retains the case here. In the meantime, counsel for plaintiff Undertow Software, Inc. ("Undertow") may serve any necessary notices on attorney Franklin via fax, which is treated as the equivalent of

this memorandum order is being issued to obviate the need for such presentment.

Motion ¶2 refers to the Chapter 11 bankruptcy filing by individual defendant Paul Glass ("Glass") almost exactly a year ago. That filing of course triggers the automatic stay under 11 U.S.C. §362(a)(6). Accordingly no further action can or will be taken in this case vis-a-vis Glass unless the stay were to be lifted.

But the facts (1) that Glass' stock in co-defendant Advanced Tracking Technologies, Inc. ("Advanced") is scheduled as an asset in Glass' bankruptcy estate (Motion ¶3) and (2) that Motion ¶4 says the value of that stock will impact on the feasibility of Glass' reorganization plan do not call for any stay of this action against Advanced. Accordingly Advanced's alternative motions for dismissal or for a 28 U.S.C. §1404(a)("Section 1404(a)") transfer must be addressed by this Court:

1. As for any possible dismissal of this case, attorney Franklin's statements as to Advanced's claimed lack of relevant contacts with this forum are not only unverified but also fail to negate other factors that might render it amenable to suit in this judicial district. In that respect, this Court notes that Undertow's Complaint ¶6 alleges that Advanced "does business in Illinois and has

---

personal service.

2

sold infringing products to Illinois based customers" and that Complaint ¶8 alleges Advanced's maintenance and operation of "highly interactive internet URL websites" that "are used to conduct business throughout the United States including Illinois."

2. As for any possible transfer of the case, the assertions made in the current motion by defense counsel Franklin are similarly unverified.[2] And importantly, they lack the kind of detail that is necessary for an informed weighing of the congeries of factors made relevant by Section 1404(a).

This Court therefore orders counsel for each of Undertow and Advanced to file, in time for delivery to this Court's chambers on or before December 23, 2002 (with a copy of course being transmitted to opposing counsel), a submission providing in proper form the information necessary for this Court's consideration of the questions raised by Advanced as to personal jurisdiction, venue and possible Section 1404(a) transfer. This Court anticipates addressing those subjects at the previously-scheduled initial status hearing at 9 a.m. December 27, 2002. To accommodate attorney Franklin without requiring that he travel to

---

[2] At least one of them is incorrect. If this action were to be transferred to a Texas District Court, the transferee judge would be required to apply the law of this jurisdiction (see Van Dusen v. Barrack, 376 U.S. 612, 639 (1964)).

3

Chicago for a brief status hearing, he will be permitted to participate in that hearing by telephone if he wishes. For that purpose he will be required to place a call to 312-435-5766 promptly a few minutes before 9 a.m.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2002