# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8065 | **DATE** | 12/27/2002 |
| **CASE TITLE** | Undertow Software vs. Advanced Tracking | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 3/5/03 at 8:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, the comparative analysis required for Section 1404(a) purposes calls for the retention rather that transfer of this action. Advanced's motion is denied in its entirety. (3-1, 3-2)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 30 2002 | |
| | Notified counsel by telephone. | date docketed | 8 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/27/2002 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | SN | |
| | | mailing deputy initials | |

U.S. DISTRICT COURT

02 DEC 27 PH 3: 13

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNDERTOW SOFTWARE, INC. ) | |
| ) | Case No. 02 C 8065 |
| Plaintiff, ) | |
| v. ) | Judge Shadur |
| ) | |
| ADVANCED TRACKING TECHNOLOGIES, ) | |
| INC. and PAUL M. GLASS ) | |
| ) | |
| Defendants ) | |

**DOCKETED**

**DEC 3 0 2002**

## MEMORANDUM OPINION AND ORDER

Advanced Tracking Technologies, Inc. ("Advanced") has moved alternatively for the dismissal of this action under Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(3) or for a 28 U.S.C. § 1404(a) ("Section 1404(a)") transfer to a District Court in Texas.[1] Both Advanced and Undertow Software, Inc. ("Undertow") have submitted further filings in response to this Court's December 12, 2002 memorandum order, so that the issues are ripe for decision.

To begin with, Advanced's Supp. Br. 3-4 essentially concedes the dismissal issue in light of the company's maintenance of interactive websites accessible in Illinois and its sales of relevant products to Illinois customers. This Court (like Advanced) will therefore focus on the Section 1404(a) motion.

---

[1] Although co-defendant Paul Glass joined in Advanced's motion, this memorandum opinion and order will ignore his participation in light of the automatic stay ascribable to Glass' bankruptcy filing.



In that respect, the first listed statutory criterion ("convenience of parties") points strongly in Undertow's direction. In addition to the normal preference that is given to a plaintiff's choice of forum (although not as weighty a factor as in forum non-conveniens cases), Undertow has identified a dramatic difference in the size of the employment complement of the two corporations: It essentially has a single active employee (its President Steven Peskaitis ("Peskaitis")), whose required absence from Illinois during any litigation proceedings carried on in Texas would essentially paralyze its operation, while no such disability will attend Advanced's defense of this action in this District Court.

As for "convenience ... of witnesses," which is often the most important single factor in the Section 1404(a) balancing process, it too favors Undertow by a wide margin. In that respect the caselaw looks primarily at witnesses whom the litigants do not control directly, as they do their own corporate officers and employees. Alhough Advanced has identified four Texas-based witnesses, not one of them is in the independent witness category -- Advanced can readily deliver all of them for deposition or for trial. By contrast, all five material witnesses identified by Undertow (apart from Peskaitis himself) are Illinois residents who are <u>former</u> Undertow employees and are therefore not currently controlled by it.

Finally, it is conventional wisdom that the "interest of justice" criterion -- the third element specified in Section 1404(a) -- embodies the congeries of factors that <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S.501, 508-09 (1947) looked to in the forum non-conveniens context. It is not necessary to tick off all of those factors[2], but two of them are worthy of comment:

1. Each side emphasizes the documents that are located at its home base, a consideration that is sometimes viewed as a component of what <u>Gulf Oil</u> terms as the "relative ease of access to sources of proof." But in these more modern days of photocopying, faxing and other electronic means of retrieval, that factor is a nonstarter (except perhaps in an especially document-rich case, where cost of reproduction may bulk large).

2. Advanced's Supp. Br. 5 quarrels with this Court's citation of <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964) for the proposition that the law of this transferor court would remain applicable in the event of a Section 1404(a) transfer. This Court was of course well aware when it cited <u>Van Dusen</u> (one of the few opinions written by its former partner Justice Arthur Goldberg that remains alive and well

---

[2]     Neither litigant has attempted to do so, and this Court is disinclined to do their work for them. More importantly, even a brief review of those criteria indicates that most of them do not (either individually or collectively) come down especially hard on one or the other of the balance scales.

after nearly four decades) that the case dealt with diversity jurisprudence and hence with <u>Erie v. Tompkins</u> principles. But even though this Court is always happy to be educated, in this instance Advanced's counsel are dead wrong in discounting the applicability of <u>Van Dusen</u> on that ground. Here is what the very case cited by Advanced, <u>Eckstein v. Balcor Film Investors</u>, 8 F.3d 1121, 1127 (7th Cir. 1993), said on the issue:

> When the law of the United States is geographically non-uniform, a transferee court should use the rule of the transferee forum in order to implement the central conclusion of *Van Dusen* and *Ferens*: that a transfer under § 1404(a) accomplishes "but a change of courtrooms." *Van Dusen*, 376 U.S. at 639, 84 S.Ct. at 821

Under that approach, a Texas District Court would have to explore Seventh Circuit jurisprudence to see whether it differed from that in the Fifth Circuit and, if so, would then have to follow the Seventh Circuit's decision law (just as <u>Van Dusen</u> and <u>Eckstein</u> teach). This Court will confront no such extra hurdle if the case is retained here.

In summary, the comparative analysis required for Section 1404(a) purposes calls for the retention rather than transfer of this action. Advanced's motion is denied in its entirety.

Milton I. Shadur
Senior United States District Judge

December 27, 2002

-4-